IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

PAUL L. WICKHAM;
DWAYNE M. GARRETT,

        Plaintiffs,

v.

UNITED STATES OF AMERICA;
DONALD J. TRUMP;
RONALD A. WHITE;
JOHN F. HEIL, III;
FRANK H. SEAY;
PAM BONDI;
KASH PATEL;
MARTY MEASON,

        Defendants.

Case No. 25-CV-00502-SEH-MTS

## OPINION AND ORDER

Before the Court is the government's motion to dismiss the complaint.[1]

[ECF No. 4]. Plaintiffs Paul L. Wickham and Dwayne M. Garrett sued the

United States, its officers, officers of the federal court, and an individual

named "Marty Meason" in the Tulsa County District Court, alleging fraud.

[ECF No. 2-1]. Plaintiffs alleged:

---

[1] Plaintiffs originally filed a Petition in the Tulsa County District Court [ECF No. 2-1] and the United States removed the action to this Court [ECF No. 2]. For consistency with the Federal Rules of Civil Procedure, the Court refers to the petition as the "complaint."

---

### Fraud Under 21 Oklahoma Statute 1533.2 (2024)

---

1. Ronald A. White, John F. Heil III, Frank H. Seay; are in violation of 21 OK Statute 1533.2 (2024).
2. Frank H. Seay is in violation of 21 OK State 1533.2 (2024) in Ardell Schuler, and Opal Carter case, in the 11th Circut Court of Appeals.
3. Donald J. Trump is in violation of 21 Ok Statute 1533.2 (2024) in Case # CIV-21-119, in violation of the United States Constituation, 10th Amendment, which was ratified in 1778.
4. Ronald A. White, John F. Heil III, Frank Seay, and Marty Meason, working in concert to committ Fraud in violation of 18 USC Sec 2, 3, and Sec 3, against the United States of America, and in violation of the Constitution, Article 1,2 and 10.
5. Pam Bondi and Kash Patel have been notified and petitioned in Case # CJ-2025-02670. They were served 6/20/2025, with no response.
6. Donald J. Trump new very well about Case # CIV-21-119. He is familiar with Shirley Webster. Shirley Webster was thrown out of her property that she had owned for more than 20 years. It was seized by the state of Oklahoma without due process, clothes, horses, and all belongings were seized. Donald Trump is in violation of OS.21-175 Criminal Acessory (revised 2024).
7. Ronald A. White, Frank H. Seay, John F. Heil III, are trying to force law abiding citizens to committ a crime, which is a felony. See Hartnett vs. Farm Service Agency, United States Department of Agriculture, NO. 18-CIV-01045-EFM-GEB, 2018, WL 2971692, At *3 D:KAN, June 12, 2018.

Date: 8/26/2025

Paul L. Wickham
PO Box 717
Dewey, OK 74055

Date: 8/26/2025

[ECF No. 2-1 at 1].

The government removed the action to this Court and now moves to dismiss the complaint. [ECF Nos. 2, 4]. The government argues that the complaint is barred by absolute judicial immunity and sovereign immunity and should otherwise be dismissed under Fed. R. Civ. P. 12(b)(6) and 8(a)(2). [ECF No. 4 at 1–2]. The government further avers that the "Plaintiffs have not complied with the filing restrictions previously imposed against them by this Court," and that leave to amend should be denied. [*Id.* at 2–3]. Plaintiffs

2

did not respond to the government's motion, which is now ripe for decision. Because Plaintiffs fail to state a claim upon which relief may be granted, the Court grants the government's motion and dismisses the complaint without prejudice.

## I. Discussion

A *pro se* plaintiff's complaint must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, liberal construction of a *pro se* plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation modified). Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Here, Plaintiffs' complaint contains only conclusory allegations and is devoid of any factual allegations that would support a claim upon which relief may be granted. Therefore, the government's Motion to Dismiss [ECF No. 4] is GRANTED and the complaint [ECF No. 2-1] is DISMISSED without prejudice under Fed. R. Civ. P. 12(b)(6).[2] Dismissal is without leave to amend

---

[2] Because the Court dismisses the complaint on this independent basis, it need not address the other arguments the government raises.

4

because Plaintiffs failed to respond to the government's motion and did not request leave to amend. A separate judgment will enter.

DATED this 30th day of June, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE